IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

**WILLIAM HENRY HARRISON,**

        Plaintiff,

        v.

**FEDERAL BUREAU OF PRISONS, et al.,**

        Defendants.

) 1:16-cv-819-RDM
)
)

## **PLAINTIFF'S MOTION FOR RECONSIDERATION**

Now comes WILLIAM HENRY HARRISON (hereinafter "Harrison"), who files this Motion for Reconsideration of the Court's March 31, 2017, dismissal of his claims, and who hereby states, under penalty of perjury, 28 U.S.C. 1746, and in furtherance thereof states the following:

First, the Court's decision fails to address, and/or overlooks, Plaintiff Harrison's facts and arguments regarding Defendants' intentional and criminal back-dating its alleged receipt of Harrison's BP-9. Second, the Court never addressed Harrison's claim and facts of the individual Defendants, particularly Defendants King, Vukelich and Wilson, regarding their abuse of the Administrative Remedy Process's time constraints respecting responses to Harrison's ARP filings. Third, the Court never addressed Harrison's claims that the Defendants violated their own ARP in the manner that the responses, and their timeliness, were made. Fourth, the Court erred in dismissing Harrison's requests for copies of certain documents in his prison file under the Privacy Act (PA) and the Administrative Procedures Act (APA), and in accepting Defendants' mischaracterization of Harrison's claims. Finally, the Court never addressed Harrison's

claims of Fraud on the Court by these Defendants in their filing of a knowingly false back-dated BP-9 receipt.

Defendants attempted to mischaracterize Harrison's claims, and assigns facts and claims to Harrison that Harrison has not made. Defendants are well aware that the court must assume all facts alleged by Harrison to be true in deciding a Rule 12(b) motion. The defendants' misstated facts and claims are as follows:

1) Defendants' asserted that Harrison had "failed to show he has any constitutional or statutory right of placement in or transfer to the camp or to a certain designation." These are not the facts alleged by Harrison. Harrison alleged that constitutional violations occurred in the form of retaliation for exercise of his First Amendment rights to file prison grievances and lawsuits against the BOP, in his latest incarceration and the previous imprisonment. Also in the form of depriving him of the Due Process and Equal Protection protections of the ARP, where these defendants deliberately filed back-dated fraudulent documents in their desire to delay the ARP so that Harrison would not receive the privilege of enjoying placement in the camp, as other inmates similarly situated do, and his right to not have the false and libelously dangerous Sex Offender PSF in his file.

These Defendants knew, as a matter of law and fact, that the U.S. District Court for the Eastern District of Texas had ordered them to not use the false information in the original PSR against Harrison. Furthermore, they knew that a prior lawsuit in the Eastern District of New Jersey included that information; yet, they failed to remove this libelous and false information from Harrison's file, causing Harrison to once again be falsely labelled a Sex Offender. This failure, and the actions/non-actions in the most recent

incarceration, amount to retaliation for Harrison filing prior ARP filings, lawsuits, and his recent filings during the recent incarceration.

Furthermore, defendants violated 18 USC 4081, et seq., in that Harrison was entitled to be classified and housed according to his "true" custody classification, minus the knowingly false PSF, just as other inmates similarly situated are. Harrison covered this sufficiently in his opposition to motion to dismiss/summary judgment. Defendants, therefore, are not entitled to qualified immunity, nor dismissal, because the law was clearly established that their actions, in all respects, were unlawful. These are clear violations of Harrison's Equal Protection rights.

2) Defendants attempted to change the nature of Harrison's factual allegations and claims by asserting that "Plaintiff alleges that his APA claim is not based on Defendants' alleged 'failure to transfer him to the camp' . . .", whereas the language used by Harrison in his opposition is that "Harrison never claimed that failure to transfer him to the camp was **solely** a violation of the APA. Harrison's claims under the APA are **primarily** with respect to DSCC and the BOP Central Office (see attachment "N" of Aff. in Opp.), and their false response of April 7, 2016; and his requests to defendants King and Vukelich for documents in his BOP file, which were never produced." See page 18 of Harrison's Opposition. Therefore, Harrison's claims under the APA are not solely predicated on either the PA or the FOIA, because Harrison also raises claims under Due Process and Equal Protection based on the BOP Program Statement violations of defendants King and Vukelich. Moreover, Harrison's requests to DSCC and BOP Central were under both the PA and the BOP P.S. Finally, Harrison never made a request for documents under the FOIA, it was the BOP's Regional Legal Office that intentionally

recharacterized Harrison's P.A. request as one pursuant to the FOIA. In any event, Harrison's requests pursuant to the BOP's Due Process provisions of the P.S. permits Harrison to invoke the protections, and judicial review, of the APA. Even so, Harrison's being Pro Se entitles him to a reading that would include claims under the FOIA.

Harrison not only sought certain documents from his BOP file, he also sought to have inaccurate information corrected and made accurate, all pursuant to the BOP Program Statement. In this respect, defendants cannot now claim that Inmate Central files are exempt either from disclosure or correction where their own P.S. allows for such actions. Since they violated their own rules and regulations, Harrison is entitled to judicial review, inter alia, under the APA, as well as Bivens. This also amounts to Due Process and Equal Protection violations, and further retaliation for Harrison invoking and exercising his constitutional and administrative rights. Harrison adequately addressed the BOP's waiver of the exemption provisions of the P.A. under the present circumstances, and will not repeat those arguments here. Where there is ambiguity in Rules promulgated by the BOP, the issue must be resolved in favor of Harrison and against the promulgating BOP.

What the BOP has engaged in is **Fraud on the Court**, which vitiates any and all false claims made by the Defendants:

> "This is not to say, however, that the requirements for a meritorious independent action have been met here. If relief may be obtained through an independent action in a case such as this, where the most that may be charged against the Government is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, the strict i-year time limit on such motions would be set at naught. Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure" from

4

rigid adherence to the doctrine of res judicata. *Hazel-Atlas Glass Co.* v. *Hartford-Empire Co.*, 322 U. S. 238, 244 (1944)

Such a case was *Marshall* v. *Holmes,* 141 U. S. 589 (1891), in which the plaintiff alleged that judgment had been taken against her in the underlying action as a result of a forged document. The Court said:

"According to the averments of the original petition for injunction ... the judgments in question would not have been rendered against Mrs. Marshall but for the use in evidence of the letter alleged to be forged. The case evidently intended to be presented by the petition is one where, without negligence, laches or other fault upon the part of petitioner, [respondent] has fraudulently obtained judgments which he seeks, against conscience, to enforce by execution." *Id.,* at 596.

The sense of these expressions is that, under the Rule, an independent action should be available only to prevent a grave miscarriage of justice. These Defendants have certainly committed Fraud on the Court, and the issue must be addressed by this Court.

Based on the foregoing, Harrison asks this court to reconsider its decision dismissing Harrison's claims, deny defendants' motions, in total, and to grant Harrison summary judgment; or in the alternative, order limited discovery with respect to Harrison's claims and the fraudulent back-dating of the BP-9 during the ARP.

                                      Respectfully Presented

                                      William Henry Harrison
                                      4307 Gaines Road
                                      Richmond, VA 23222
                                      (804) 303-5417 (h)
                                      (804) 617-0851 (c)
                                      gkia27@yahoo.com
                                      Plaintiff, Pro Se

Dated: April 10, 2017
       Richmond, VA 23222



## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Reconsideration was duly served on the below- listed party be way of U.S. Postal Service, with sufficient first-class postage affixed, this April 10, 2017, pursuant to 28 U.S.C. 1746.

_____
William Henry Harrison

Dated: April 10, 2017
      Richmond, VA 23222

U.S. Attorney
District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20001

